*295 Opinion of the Court,
by Judge Mills.
THIS is an ejectment, and verdict and judgment rendered for the defendant below, to which the of the plaintiff have prosecuted this writ of error.
In the progress of the trial, the lessors of the read a patent from the Commonwealth of Virginia to James Taylor, and next offered a deed made by him, the same land, to James Taylor, Reuben T. Taylor and Edmund Taylor, his sons, dated on the 28th June, 1805, acknowledged by the grantor before the county court of Caroline county, Virginia, where he resided, on the 8th of October, 1805, and certified, with the county seal annexed, and produced to the clerk of this court and recorded by him on these testimonials, on the 17th day of May, 1806, about ten months after its date. There being no proof of the execution of said deed but the testimonials thereon, it was objected to by the defendant’s counsel, and rejected by the court as inadmissible dence, to which an exception was taken, and this forms the first question for our decision.
That this deed was acknowledged before the proper tribunal, and that it was properly authenticated under the certificate of such acknowledgment, in usual by the clerk, with the seal of the county annexed, so as to entitle it to be recorded here, without any al certificates of the presiding magistrate, which have since been patched upon it, is evident from an inspec-s tion of the third section of our general act concerning conveyances, passed January 1st, 1797, as well as the decisions of this court thereon. That section provide*, that “if the party who shall sign and seal any such writing, reside not in this Commonwealth, the acknoioledgment by such party, or the proof by the number of witnesses requisite, of the sealing and delivering of the writing, before any court of law, or the mayor or other chief magistrate of any city, town or corporation, the county in which the party shall dwell, certified by such court, or mayor, or chief magistrate, in the manner *296 such acts are usually authenticated by them, and offer-e<^ *-° Pr0Per c°urt to be recorded, within eight months after the sealing and delivering, shall be as effectual as if it had been in the last mentioned court.” This last mentioned court, refers to such court of this state, as had the power to take the acknowledgment and proof of the deed, and record the same; and the clerk of this court, recorded this deed, is one, with powers to record the state at large. The only plausible objection which can be made, then, to this deed as evidence, is, that it was not produced to and recorded by the clerk this court, until about ten months, or a little upwards, after its date, and not within eight months, as the after recited section of the statute requires. This involves • uj v whether a deed recorded after any longer period, can be valid, and be given m evidence as a recorded instrument? To solve this question, we have resorted to the first section of the act, which provides, t<n0 estate °f inheritance or freehold, or for a term of more than five years, in lands or tenements, shall be conveyed from one to another, unless the conveyance declared by writing, sealed and delivered; nor shall such conveyance be good against a purchaser for a valuable consideration, not having notice thereof, or any unless the same writing be acknowledged by (qle party or parties who shall have sealed and deliver-R, or'be proved by three witnesses, to be his, her or their act, in the office of the clerk of the court of appeajS) 0f a district court, or in a court of quarter sessions, county court, in the manner prescribed by law, or in the manner hereinafter directed, within eight months after the time of sealing and delivering, and be lodged with clerk of such court, to be there recorded.” 1 Dig. L. K. 312.
Virtual repeals of courts.
oiight^betS held as one act so far as they do each other,
to be in session. Where two one^wbo’ has the right shall be adjudged pos"
If a junior tentee^of^ takes sion, but the elder patenis so takes ’possession of the thevebyn(b’eh-e comes posses' sed of the whole°extent of his claim,
manner prescribed in the act, from the use of the words “ in the manner prescribed by law, or in the manner hereinafter directed. ” The manner fheré directed, was not the exclusive mode; but other modes “ prescribed by law,” were to be sufficient also. These modes “prescribed by law,” which the legislature intended to sanction, must be the modes before prescribed, and not those prescribed thereafter by the legislature; for it would have been futile to reserve modes prescribed in future, which would have been as good without It is clear, that this section has not restricted deeds to *297 such reservation as with it. The then existing modes, if different from or additional to those pointed out in the act, were intended to remain entire.
The next preceding regulation, more immediately affecting this subject, was an act of Virginia of 1685, (1 Dig. L. K. 307,) which agrees precisely, in the first section, with the statute of Kentucky, above recited, except that the words “prescribed by law,” are omitted, and also it names the courts of that country by their proper appellation, in lieu of ours. It has also a provision agreeing precisely with the third section of'the Kentucky act, before recited, regulating the. very case of non-residents conveying their lands, except that in lieu of eight months, which the Kentucky act prescribes, it has “ eigtheen months” between the sealing and delivery, and the time the deed is to be recorded. If, then, the act of Kentucky had excepted from its provisions the time expressly, as well as the manner theretofore prescribed by law, the act of 1785 would be decisive of this question; but as the manner and not the time, is excepted by the words, it may be contended that the act of Kentucky curtails the time from eighteen to eight months, and operates as a repeal of the act of 1785, in this particular, and this forms the most difficult question with regard to the deed.
If ¡jt be conceded that time is not excepted, even then if the act of 1785 is thus repealed, it must be by construction, and be thus a virtual repeal only; for there is no express repealing clause in the act of Kentucky before cited.
We should hesitate much to give such effect to our own statute, if this hypothesis be admitted as true.— Virtual repeals are not favored by courts. A body of acts ought to be held as one act, so far as they do not conflict with each other. Here the same restriction to the “manner prescribed by law,” existed before the passage of our act, as well as afterwards; and if, in transcribing the Virginia code into ours, any part shall be adjudged to be repealed, barely by putting in the date of transcribing, as the date of the law, and because the provision, so transcribed, shall apparently conflict with any former part, not so transcribed, it may be of serious consequences to the community. We had better, therefore, say that the subsequent legislation was useless and did nothing, than to affect rights by a *298 virtual repeal, not easily discovered, until its conseqences are felt. But we do not rest the saving of the statute of 1785, on this ground. We incline to the opinion, that the clause in our statute, “in the manner prescribed by law,” meant to retain, and was intended to retain former provisions, with regard to deeds, entire; and if such provisions, in prescribing the manner, pointed out their own. time, the time is preserved also.— Hence, the eighteen months may still be in force. Besides, we attach the words in our act,' “within eight months,” to-the immediately preceding words, “in the manner hereinafter directed,” and do not extend their operation to the still preceding clause, “in the manner prescribed by law,” and this will leave the time pointed-out .in the previous prescriptions, to stand with the mariner also, and a choice will be left to parties holding foreign déecjs, either to follow our statute or the previous one of 1785, in getting their deeds admitted to record. The only effect of this construction will be, that the eighteen months is not limited, and that the eight months, as to this particular class of deeds, will have no effective operation, whatever may be its force in other cases.
This construction is rendered more plausible by the legislative intention, gathered from the whole face of our statute. There is an evident intention to transcribe merely, and only to make such changes as our local situation and different tribunals required, and in the sixth section of the same act, by allowing four months to record in the county where the grantor resides, and eight months thereafter to record in the proper county, in -the case of a deed made by a grantor not residing in a different state, but only in a different county from that in which the land lies, an evident departure from the eight months, as to such deeds, is introduced ; and it cánnot be supposed that the legislature intended to allow twelve months in the case of such deeds, and but eight in the case of deeds executed in a different state.
Wé, therefore, Conceive that the court erred in rejecting this deed, and not allowing it to be used as a recorded instrument, because it was recorded within eighteen and not eight months. In this we attach no importance to the certificate of the presiding justice of the county court in Virginia, which has been since procured, and presented to and recorded by the'clerk of this *299 court; for it is evident that this additional authenticatibn can neither aid nor weaken the deed.
After this deed was rejected, the lessors of the plaintiff made out title by descent, in showing that the patentee was dead, and that part of them were his immediate children and part his grand children, their immediate ancestor being dead also. This introduced a mass of proof, relative to the titles of the parties, and produced questions which may again occur, on another trial of the cause.
The defendants gave in evidence a junior patent and derived title under it, and gave evidence conducing to-show, that possession had been taken under'said junior patent within the interference, more than twenty years previous to the institution of this suit. The lessors of the plaintiff then showed, that, although two of them-were twenty-one years of age, yet the rest, who-were the children of one of the sons of the patentee, were under twenty-one years at the death of the patentee, arid had remained so ever since; that the patentee, in 1804, long before the adverse possession of twenty years had expired, and before the passage of the act limiting such suits to seven years, had entered within the interference by an agent, claiming possession of the whole tract, and had leased to a tenant by unlimited boundaries, intending to possess the whole, and that the tenánt' was charged, as part of his contract, to protect the whole tract, to prevent trespasses and intrusions thereon, and resided on the tract; and that the possession had been so claimed and held ever since.
The court, when applied to for that purpose, by the lessors of the plaintiff, refused to instruct the jury, that if they believed the patentee had thus taken possession within the interference, with intention to possess the whole, arid he or those holding his title, had continued such possession and claim ever since, the suit was not barred by either of the acts of limitation now in force, notwithstanding the present tenants, or those under whom they claim, may have had either twenty years’ possession or seven years’ residence upon the land-. On the contrary, the court, at the instance of- the defendants, instructed the jury that the lessors of the plaintiff, under the foregoing state of the case, were barred as to two thirds of the land, or as to as many lessors1 as were over the age of twenty-one years, at the death of the *300 patentee, by the limitation of seven years, and that all of t^ie ^essors were barred by the limitation of twenty years’ adverse possession, notwithstanding the entry of the elder patentee before either bar had elapsed.
According to previous decisions of this court, the court below erred in refusing the instructions moved for by the lessors of the plaintiff, and in giving those asked for by the tenants. In accordance with the principle, that, where both are possessed, the possession in law shall be his who has the right, this court, at the present term, in the case of Hord vs. Bodley, ante 88, has held, that on such entry by the elder patentee, before the bar was complete, he became possessed of the whole land, and might recover the whole, and that neither the act presenting the bar of twehty years, nor that adopting the seven years, was intended to prejudice the rights of prior possessors, or to take away any possession which was held at the passage of the latter act. Consequently, those instructions asked for by the tenants, ought to have been refused, and those asked by the lessors of the plaintiff, ought to have been given by the court below.
The judgment of the court below must, therefore, be reversed with costs, and the verdict be set aside, and the cause be remanded for new proceedings to be had, not inconsistent with the opinion of this court, now delivered.