Mr. Justice McLEAN
 

 delivered the opinion ot the court.
 

 This case is brought here by a writ of error to the Circuit Court for the district of Kentucky.
 

 The lessors of the plaintiff brought an action of .ejectment, to recover a half-acre lot in the city of Louisville, numbered on the new plan of the city ninety-one. Richard Ferguson, Daviess, and others, were made defendants. The jury found the defendants guilty, and a judgment was entered against them. - On the trial, exceptions were taken to various rulings of the court, only one of which it is material to consider.
 

 The court instructed the jury, “ that the deed of. conveyance, by Thomas H. Fairbairn and wife, of the 12th of March, 1811, to the-defendant, Dr. Richard Fergusbn, whereof a copy was read in evidence by the plaintiffs, was not, in law, the deed.of the feme covert-, Maria E; Fairbairn; is not her deed of conveyance for any purpose whatever; and passed from her to Dr. Ferguson no estate whatever in the lot of land in controversy.”
 

 The plaintiffs below claimed as heirs at law of Maria E. Fairbairn: The fairness of the purchase of the lot by Ferguson was not controverted, nor that he paid for it an adequate consideration. The lot having descended to Maria E. Fairbairn, and' her husband being dead, her heirs claim the property, on the ground that the acknowledgment of the deed by their mother, she being a feme covert, was defective. -And so the court ruled in the above instruction.
 

 The deed was acknowledged on the 12th of March, 1811; the day it bears date, by Elizabeth Henry, who signed it, and who had a dower interest in the lot, and.by Fairbairn and wife; the latter being examined separate and apart from her husband, in due form, before ■the mayor of Baltimore, who. affixed his certificate and the seal of the corporation to the acknowledgment. ■
 

 On the 20th of May, 1811, Warden Pope, .clerk of the County Court of Je'fferson, in which Louisville is situated, certified that the '.deed_was received in his office; and it being duly certified and authenticated;' he recorded the same.
 

 By the Virginia act of 1776, adopted by Kentucky, 4 Litt. Laws of Kentucky, 432, entitled “ An act to enable persons living in other
 
 *644
 
 countries to dispose of foeirestates in this commonwealth, with more ease and convenience,” it was provided “ that a person residing in any other county, for passing any lands and tenements in this commonwealth, by deed, shall acknowledge or prove the same before” the mayor or: other chief magistrate of the city, town, or corporation, wherein or near to which he resides. But where there was' no mayor or other chief magistrate within the county, then a certificate, under the hands and seals of two justices or magistrates of the county, that such-proof or acknowledgment.has been made before them,is sufficient. ''Without an acknowledgment, the fee did not pas§ under this statute. And “where any person making such conveyance shall be a feme covert, her interest in any lands or tenements shall not pass thereby, unless she shall personally acknowledge the same before such mayor or other chief magistrate, or before two justices or magistrates, as aforesaid.” A privy examination is required, and the same being certified, the deed may be recorded in the county where the land lies. And such deed shall be effectual to pass all the interest of the feme covert.
 

 The acknowledgment of the deed under consideration, in all re— 'spects, conforms to the requirements of the above act; and the important question is, whether, at the time of the acknowledgment, the act was in force ? If the act had not been repealed, the deed is unquestionably valid.
 

 The plaintiffs in error contend that the above statute was repealed by the act of 1785, and also of 1796. The act of 1785 is entitled “An act for regulating conveyances,” in the 1st section of which it is provided, “that no estate of inheritance, or freehold, or for a term of more than five years, in lands or tenements, shall be conveyed from one-bo another, unless, the conveyance be declared by writing, sealed and delivered; nor shall such conveyance be good against a purchaser for valuable consideration, not having-notice thereof, unless acknowledged or proved before the General -Court, or before the court of the- county, city, or corporation, in which foe land is conveyed, or in the manner hereinafter directed,” &c.
 

 “When husband and wife-shall have sealed and delivered a waiting, purporting to be a conveyance of any estate or interest, if she appear in court, and being .examined privily and apart' from her . husband, by one of foe judges thereof, &e.; or. if beforé two justices of foe peace, of that county in which she dwells, who may be em-. powered by commission, to be issued by the ‘ clerk of the court. wherein the writing ought to be recorded,” &c., shall be sufficient to convey her éstate.
 

 In this act there is no express repeal of the-act of 1776, consequently that act can only be-repealed in so far as it may be repugnant to the subsequent act. They are both affirmative statutes, and such parts of the prior statute.'as may be. incorporated into foe subsequent one, as consistent with it, must be considered in force. This
 
 *645
 
 is a settled rule of construction, and applies, with peculiar force,.to these statutes. Their object was to prescribe certain modes by which real property within the commonwealth should be conveyed, by residents' and non-residents, and also by femes covert, and it must be admitted,' that no other modes of conveyance than those which are so-prescribed will be valid.. • These forms have been adopted for' the security of real property, and the convenience of individuals; hence we find in the statute books of all the states, numerous acts regulating.the signing, acknowledging, and recording of deeds.
 

 If the act of 1785 be not repugnant in all its provisions to the act of 1776, yet if the former clearly intended to prescribe the only modes .by which real estate should be conveyed, it repeals the prior act. And this intention, it is said, is found in the act of 1785. To some extent, this may be correct. In, the first section of that act, it ■is provided, that “ no estate of inheritance in lands or tenements shall be conveyed from One to another, unless the conveyance be declared by writing,'sealed and delivered.” Now a deed, to be valid as a conveyance, under'this statute, must be in writing, sealed and delivered. This is the common law definition of a deed. But there are other requisites to make this conveyance valid against a purchaser for a valuable consideration, without notice. The deed must be. acknowledged as the statute requires, and lodged with the clerk for record. The conveyance as between the parties would be valid, under this statute, without acknowledgment, but unless acknowledged and recorded, or lodged for record, would not be notice to subsequent and innocent purchasers.
 

 The acts under consideration provide specially the mode by which the estate of a feme covert shall be conveyed. In the act of 1785, her privy examination may be made in court, or by one of the judges thereof, or she may be examined by two justices of the peace, of the' county where she' resides, “who maybe empowered to do so- by commission,” &e.
 

 By the act of 1776, the acknowledgment and priv.y examination of a feme covert, were-required to be made before the mayor or other chief magistrate, or before two justices gr magistrates of the town or place wherein she shall reside. The acknowledgment before'two justices is retained in the act of 1785, with this additional requisite, that the justices shall be commissioned, as provided, to perform this duly. This necessarily repeals that part of the prior - act" which authorized the acknowledgment to be taken before two justices, without being commissioned. The latter act is, in' this regard, repugnant to the former. The provisions cannot'stand together, as the latter .act superadds an essential qualification of the justices not required by the former. But the important question is, whether, as the act of 1785 made no provision authorizing a mayor of a city to take the acknowledgment of a feme covert, that provision in the act of 1776 is repealed by it. In this respect it is clear there is no
 
 *646
 
 repugnancy between the two acts... The- two provisions may, well stand together, the latter as cumulative to the former.
 

 Does a fair interpretation of the act of 1785 authorize the inference, that the legislature intended no conveyance by a feme-.covert should be valid, unless acknowledged in the form prescribed by that' act? We think no such inference can be’drawn. In-the first section of that act, in reference to ordinary acknowledgments of conveyances, in order,- when recorded, that they might operate as notice to - subsequent purchasers, it is required that -the acknowledgment should be made as provided, “or in the manner hereinafter directed.” The words here cited can have no bearing oh the ' execution of a conveyance by a feme covert. In a subsequent part of the -same section, provision is made for the execution-of-such-an instrument, which is complete, without reference to any other part of the statute. The above words, therefore, could only refer to the conveyances spoken of in the first part of the section, and in- order that they might operate, when,recorded, as notice.
 

 ■Upon a careful comparison of these statutes, as regards the point in controversy, we think there is no repeal of the act of-1776, by the-act of 1785. There is no express repeal; no repugnancy, as •regards the power of-the mayor of a city'to'take the acknowledgment of a feme covert; nor- on this point are there any words of-the - latter act which show an intention to make its provisions exclusive. We- are therefore brought to the. conclusion, looking only at these statutes, that the latter -act, in this regard, may be considered as cumulative.
 

 As having a strong and decided bearing on this view, we refer to Wood
 
 v.
 
 The United States, 16 Peters, 362. In that case, the court say, “ the question then arises whether the:66th section of the- act of 1799, chap. 128, has been repealed,-or whethe'r it remains in full force. . That it has not been expressly, or by direct terms, repealed, is admittedand the question resolves itsehf into the more narrow, inquiry, whether it has been repealed by necessary implication. We -ay by necessary implication, for-it is not sufficient to establish that subsequent laws cover some or even all the cases'provided for by it; for they may be merely affirmative, or-cumulative, or auxiliary. But there must be a positive repugnancy between the .provisions of the new laws and those of the old; and even then the old law is repéaled ' by implication only
 
 pro tanto,
 
 to the extent of the repugnancy/’
 

 We come now-to consider the act of 1796. The act of the 20th of December, 1792, concerning, the relinquishment of .dower, in the- 2d section, provides that dower may be relinquished before two justices of the peace, where the parties- reside out of the commonwealth, and the clerk of the county is required, to'certify that the persons taking the acknowledgment were justices, &c. This .provision is repugnant to that of the act of 1785, which requires a commission to be issued to such justices.-
 

 
 *647
 
 By the act of the 17th .of December, 1795, two persons were authorized to be appointed by joint ballot of the legislature, to revise the laws in force, &c. These persons, having been so appointed, reported the act of 1796, which is entitled “An act to reduce into one the several acts, or parts of acts, for regulating conveyances.” In this act are included' parts of the act of 1776, and nearly the whole of the. act of 1785. It was passed the 19th of December, 1796, and, with all other acts reported at the same time, was- adopted .by a general act, referring to the various acts, and providing that “ so much of every act or acts before recited, as comes within the purview of this act, shall be and the same is hereby repealed from and after the 1st day of January, 1797,” on which, day the above act took effect.
 

 That part of the act of 1776, authorizing the mayor of a city to take the acknowledgment of a feme covert, is not included in the act of 1796; nor were certain-provisions of the act of 1748, “for settling the titles and bounds of lands,” &c., included, some parts of which have since been recognised by the Court of Appeals of Kentucky, as in force. —
 

 Great reliance is placed by the counsel for the defendants in error, in the case of Hynes’s Representatives
 
 v.
 
 Campbell, 6 Monr. 286. In that case, the complainants prayed a rescisión of the contract for the conveyance .of a certáin tract of land, on the ground of a defect of title-; and the court held, that they were not bound to accept the deed for the land, tendered by the defendant, as some of the conveyances under which he claimed were not acknowledged and recorded, as the law required. The deeds thus objected to “ wére acknowledged before two justices of the peace of Dunwiddie county; Virginia, who certified simply that the grantor acknowledged the-same before them, as the law required,” without adding that the grantor “ also subscribed the same in their presence.” This proceeding was under the act of 1792, which had been construed to require a certificate of the justices that the deed had been subscribed in their presence, in regard to deeds executed within the state. And the court say, they turned their, attention to the act of 1776, “ and they find that it regulates only conveyances made out of the state, and that it provides for acknowledgment alone, before two justices of the peace, and says not a word about subscribing, and if that act is in force in this respect, it will exactly embrace the case in question.” And they held that the above act was virtually repealed by the act of 1785, which requires that the two justices taking the acknowledgment should be commissioned to do so. This view of the court, as regards the acknowledgments of the deeds then before them, was undoubtedly correct. It is the construction which we have before ■ given to this part of the act of 1785. The attention of the court was not drawn to any other point than the one before them. They did not say that that part of the act of 1776 which regulates the aclmow
 
 *648
 
 ledgment by a feme covert, which is wholly different from the above, ■ was' repealed.- lit is"ixue .their language is general, but their meaning must be limited to the point under consideration. . This decision, therefore, cannot be considered as having a bearing on the- point now before us. ■
 

 In the case of Prewet
 
 v.
 
 Graves et al., 5 J. J. Marshall, 120, the court say, that the 5th section of Hie act of 1748 had been repealed by subsequent and repugnant enactments. In Miller et al.
 
 v.
 
 Hen-shaw & Co., 4 Dana, 323, they say, in reference to the act of 1776, and to the decision of Hynes’s Representatives
 
 v.
 
 Campbéll, above cited, that the act ofT776 “is nowhere repealed by express words, but only by construction, in consequence of the inconsistency of its provisions with those of subsequent statutes; and as none of the subsequent statutes relate to the authentication of deeds of personalty, out of the state, except those which reduce the number of witnesses from three to two, there can be no inconsistency, and therefore no constructive repeal of so much of this statute as related to deeds of personalty, except as to the number of witnesses.”
 

 ' In McGowen
 
 v.
 
 Hay, 5 Litt. 244, the court held the act of 1748 was in force in Kentucky, in regard to the acknowledgment and recording of mortgages and deeds of trust. By the act of 1796, a deed, executed out of the commonwealth for lands-within it, was required to be recorded in eight months.' ’T.he act oí 1785, which preceded it, required such deed to be recorded in eighteen months; and in Taylor
 
 v.
 
 Shields, 5 Litt. 297, the question was, whether the latter of these acts, in this respect, had repealed the former; and the court say, “we should hesitate much to give such effect to the latter statute,” “Virtual repeals are not favoured by courts. A body of acts ought to be held as one act, so far as they do not conflict with each other. Here the same restriction to the ‘ manner prescribed by law,’ existed before the passage of oür act, as well as afterwards; and if, in transcribing the Virginia Code into ours, any part shall be adjudged to be repealed, barely by putting in the date of transcribing as the date of the law, and because the provision, so transcribed, shall apparently coriflict with any former part not so transcribed, it maybe of serious-consequence to the community.” “We incline,” the court say, to the opinion; “ that the clause in our statute, (of 1796,) 4 in the manner prescribed bylaw,’ meant to retain, and was intended to retain, former provisions, with regard to deeds entire;” and they held, that the recording of the deed within eighteen months, under the act of 1785, was sufficient.
 

 That part of the act of 1785,-which regulated the time of recording deeds, executed without the commonwealth, was not copied into the act of 1796, -and yet the court held that the latter act, in this respect, did not repeal the former;
 

 In Elliott et al.
 
 v.
 
 Piersoll et al., 1 Peters, 339, .this court say, the Virginia statute of 1748 “was adopted in Kentucky, at her
 
 *649
 
 separation from Virginia, and is understood never to have been repealed'.”
 

 It does not appear that the question, as to the validity of the acknowledgment of a deed before, the mayor of a city, by a: feme covert, under the act of 1776, since that of 1785 has been enacted, has ever been decided. Some general expressions, as above stated, have-been used by the Court pf Appeals, in regard to the repeal of the former act by the latter, but those expressions - did not relate to the above question. And it may be again observed, that those remarks by the. Court of Appeals can only be held to apply to the • matter then before them; and that a more extended application of 'them would be inconsistent with the views-taken by the same court,in the other cases cited. If the provision in the act of 1785, requiring a deed -executed' out of the state to be recorded in eighteen months, is not repealed by the act of 1796, requiring such deed to be recorded in eight months, is the act of 1776, authorizing the acknowledgment of a deed before a mayor, by a feme cdvert, repealed by subsequent acts ? • None of «those acts repeal, in terms, the above provision in the act of.1776, and they contain no repugnant provision. Consequently, the first act stands unrepealed. The different-acts on the same subject, in the language of the Court of Appeals, must be “considered as one act.” In this view, the provision in question stands consistently with all the subsequent statutes; and on this ground we feel authorized to say, that the acknowledgment of the deed before us is valid, under the act of 1776, and that it conveyed to Ferguson, the grantee, a good title in fee-simple. . The clause of the act of 1796, “repealing so much of the acts referred to as come within the purview of that act,” extends no further than the repug-nancy of the act of 1796 to the provisions of the acts named. .
 

 Upon the whole, the judgment of the Circuit Court is reversed, at the costs of the defendants, and the cause be remanded, &c.