Peck, J.
The principal, if not the only, question raised by the record is, whether section 58 of the general corporation law (1 S. & 0. Stat. 297) is applicable to the plank road of the plaintiff in error?
It is, indeed, suggested, that the answer does not make a case under that section, because it, is not specifically averred, that the trespasses attempted to be justified are the identical trespasses complained of. But that fact, under a reasonable construction of the code, is sufficiently apparent from the answer.
So, too, it is suggested, but not argued, that the averments of the answer are not as full and explicit as they should be under said section. But this defect, if it be one, could only be reached by motion. The averments are sufficient to admit proof of all the facts necessary to a complete defense under said section.
The answer avers, substantially, that the plaintiff, having failed to keep its road in repair as required by law, proceedings were duly instituted, by a complaint under section 58 of the corporation act, above referred to, for the temporary suspension of its right to collect tolls. ' That said proceedings resulted in finding the complaint to be true, and a suspension, under said section, of the right to collect tolls until the road should be put in repair. That such disrepair continued up to and at the time of the alleged grievances, when the defendant, in passing along said road with his team, removed the obstruction caused by the gate of the plaintiff, using no unnecessary force, and doing no unnecessary damage.
If the above section is applicable to the road of the plaintiff in error, the demurrer to said answer should have been overruled, and the judgment of the common pleas was properly reversed. The “Lorain Plank Road Company” was incorporated January 28, 1848 (46 Local Laws, 86), and this act subjects the newly-created corporation, to all the provisions of the act incorporating the “ Milan and Richland-Plank Road Company,” passed January 31, 1845 (43 Local Laws, 49). By the 12th section of the last named act, the company and its corporators, are subjected to all the provisions, and *270 entitled to the benefits of all acts then in force, or which might thereafter be enacted, for the purpose of governing and regulating turnpikes generally, and not inconsistent with its act of incorporation.
Section 58, under which the proceedings set forth in the answer of the defendant vyere had, is one of the sections of a general law, passed in 1852, “ to create and regulate turnpike and plank road companies,” and is not inconsistent with either of the local laws above referred to, and would seem, therefore, to be applicable to the road of the plaintiff.
It is said, however, that this law, though general in its terms, was not intended to affect companies previously incorporated, but only such as might thereafter be created. Certain portions of the act relate exclusively to companies to be created under it, and of this character are sections 44, 45, 46 and 47, in regard to the creation and organization of companies thereafter to be formed, while other sections, the 50th for example, relate to companies previously incorporated. In all these cases, however, the “ companies ” referred to, are clearly indicated by the context, or are described, as “ companies heretofore incorporated,” or as “ hereafter to be incorporated,” while the residue of the act, which prescribes rules for the maintenance, regulation and control of such roads is general in its phraseology and application. The words used are, “ any turnpike or plank road;” “ all turnpike and plank road companies;” “ every turnpike and plank road company,” and the like. The 58th section is also applicable to all plank road companies, the introductory words being — “ that if any turnpike or plank road company shall fail to keep its road in repair,” etc. The plain and obvious import of the words “ any,” “ all ” and “ every,” as employed in these sections, is to extend their provisions to all turnpike and plank road companies, irrespective of the time when they were created, if liable, under their respective acts of incorporation, to be regulated by general laws. It is the undoubted policy of our present constitution, and the legislation under it, to regulate corporations, private and municipal, by general and uniform laws, so far as is practicable, and that none should be ex- *271 eluded from their operation, if falling within the language employed.
The act of 1852, is a “ general law regulating plank road companies,” and by force of its act of incorporation, the plank road of the plaintiff, became and was subject to the provisions of that statute, and is not, therefore, within section 88 of the act regulating corporations, which requires the assent oí companies previously incorporated, as 'is urged by the eoun sel for the plaintiff. The rights and liabilities conferred or' imposed by that statute, are not matters outside of the plaintiff’s charter, and requiring adoption, but immediately upon the enactment of the law, they became part and parcel of the corporate rights and duties of the plaintiff.
Prior to the passage of the act of 1852, the plaintiff in error was subject to the provisions of the amendatory act of March 10,1836 (S. & 0. Stat. 335),“ for the regulation of turnpike companies,” which contains provisions similar to those of section 58 of the act of 1852, for the suspension of tolls upon roads which the companies have failed to keep in repair, except that inspectors, who are upon view to determine the truth of the complaint, are to be appointed, under the former law, by the court of common pleas, or,'as the case may be, by an associate judge of such court. It is insisted that the law of 1836, is neither expressly nor impliedly repealed by the act of 1852, and is, therefore? still in force as to all companies, incorporated prior to the passage of the act of April 9, 1852.
If this were true, the result anticipated by the counsel for plaintiff — that proceedings, could not be sustained against the plaintiff under said section 58 — would by no means follow.
If we are right in the conclusion, that the general provisions of the law of 1852, are applicable to corporations created prior to its passage, and the law of 1836 is also in force as to them, then the law of 1852 must be regarded as providing a cumulative or auxiliary remedy, to which the party aggrieved may resort, if he elects to do so.
We incline, however, to a different opinion, and that the *272 law of 1836, above referred to, is superseded by the 58th section of the law of 1852.
Section 58 is a re-enactment of the law of 1836, with the single exception of the tribunal, invested with the duty of appointing the inspectors — the same complaint is to be made— the same facts must exist — the same course of procedure is prescribed for the inspectors — the same notices of the preliminary and final action upon the complaint are to be given, and the same disabilities and penalties are imposed, if the complaint is found to be true.
It is manifest, therefore, that if section 58 is applicable to pre-existing corporations, it was intended as a substitute for the act of 1836, and must be held to supersede it.
The constitution of the court of common pleas in 1852, was very different from what it was when the act of 1836 was enacted. Its duties were devolved upon a single judge residing in but one county of the subdivision, instead of one presiding judge and three associates resident in each county, of his circuit. The statutory remedy was one which might require speedy action, and should at all times be within the reach of every citizen. There was, therefore, a propriety in providing a tribunal near at hand, whose aid might be invoked at the least sacrifice of time and money. If this was true of corporations not then created, it was equally true of those already incorporated, and no good reason exists why a distinction should be made between them, when a right had been reserved in the charters of existing companies, to subject them to regulations imposed upon companies subsequently incorporated.
“ A subsequent statute revising the whole subject matter of the former act, and evidently intended as á substitute for it, although it contains no express words to that effect, operates to repeal the former.” Ounven’s Introduction to vol. 1, Rev. Stat., p. 17; Davies v. Fairbrain, 3 How. 636; Sedgwick on Statutes, 124,125. Such also seems to be the opinion of the learned compiler of the Revised Statutes. See note to section 58, supra.
While on the one hand we hold, that the legislature, in *273 enacting a general law, under the new constitution, to regulate plank road companies, and using words which apply ti prior as well as subsequent corporations, intended its provisions to apply equally to both classes, where the right tc do so was expressly reserved in the pre-existing charters; we are also satisfied, that section 58 of the law of 1852, in revising the whole subject matter of the act of 1836, and extending its application to old as well as new corporations, provided an exclusive and not a cumulative remedy, where the roads of pre-existing corporations are out of repair.
Judgment of district court affirmed.
Scott. C.J., and Sutlirr, Gholson and Brinkerhorr, J J, concurred.