JOHNSON v. SOUTHERN RY

COMMON CARRIERS—FREIGHTS—PENALTY—STATUTES.—Sec. 1711 of
    Code of 1902, relating to penalty upon common carriers for failure
    to deliver freight, is repealed by act of 1903, p. 81, because (1) the
    provisions of the latter are inconsistent with those of the former;
    (2) a part being repealed by implication, carries the whole, where
    all the provisions are connected in subject matter; (3) the latter
    deals with the entire subject matter of the former.

Before TOWNSEND, J., Fairfield, December, 1903.   Modi-
fied.

Action by W. J. Johnson against Southern Railway.
From judgment of Circuit Court sustaining judgment of
Magistrate Cathcart, defendant appeals.

*Mr. J. E. McDonald,* for appellant, cites: *Upon the ques-
tion of the repeal of section 1711:* 26 Ency., 2 ed., 730, 731,
723; Black on Int. of Laws, 114-5; End. on Int. of Stat.,
secs. 195, 241, 200, 202; 2 S. C., 538; 13 S. C., 1, 394, 169;
14 S. C., 318.   *There can be no recovery under repealed
statute:* 26 Ency., 2 ed., 753; 2 McC., 1; 2 Bail., 184; 10 S.
C., 222; 14 Rich. L., 163; 28 S. C., 1.

*Mr. G. W. Ragsdale,* contra, cites: *As to the repeal of sec-
tion 1711:* Potter's Dwar. on Stat., 154, 245; 37 S. C., 558;
29 S. C., 476; 39 S. C., 5; 55 S. C., 594.   *Constitutionality
of this act has already been passed on:* 63 S. C., 169.

June 27, 1904.   The opinion of the Court was delivered
by

MR. JUSTICE GARY.   The record contains the following
statements of facts: "The above four cases were commenced
by the service of a magistrate's summons and a complaint on
the 16th day of June, 1903.   These four separate actions
were brought to recover the value of certain articles of mer-

chandise, which were shipped over the road of defendant, appellant, and consigned to plaintiff, respondent, at his place of business, Ridgeway, S. C.; and also to recover in each case the statutory penalty of fifty dollars for failure and neglect to pay, or refuse to pay, the claim within sixty days after making demand for the said losses. The losses occurred in 1902, and these actions were brought under section 1711, Revised Statutes, 1902. The complaint in each case was practically the same. The only questions in this case are whether or not the magistrate and his Honor, Judge Townsend, erred in holding that section 1711, volume 1, of the Code of Laws, 1902, had not been repealed by a subsequent act of the legislature, and if not repealed, then whether the same was constitutional."

To be entirely accurate, it may be well to state that his Honor, the Circuit Judge, held that section 1711 of the Code of Laws was repealed by the said act of 1903, as to the time of payment of claims, but not otherwise, so as to affect this case. Section 1711 of the Code of Laws is as follows:

"Sec. 1711. All common carriers doing business in this State shall be required to pay for or refuse to pay for all loss, breakage, or damage from breakage, damage or loss of articles shipped over the lines of said common carriers within sixty days from the time a claim for the said articles so lost, broken or damaged shall be made. In case the said common carrier shall not pay or refuse to pay said claim for said loss, breakage or damage as set out in this section within the sixty days therein provided for, then said common carrier shall be liable for the sum of fifty dollars for each offense as penalty, in addition to the amount of said loss or damage, to be collected by the claimant in any Court having jurisdiction of the same."

The title of the act of 1903, 81, is: "An act to regulate the manner in which common carriers doing business in this State, shall adjust freight charges and claims for loss of or damage to freight." Section 2 thereof is as follows: "That every claim for loss of or damage to property while in the

possession of such common carrier shall be adjusted and paid within forty days, in case of shipments wholly within this State, and within ninety days, in case of shipments from without this State, after the filing of such claim with the agent of such carrier at the point of destination of such shipment: *Provided,* That no such claim shall be filed until after the arrival of the shipment or of some part thereof at the point of destination, or until after the lapse of a reasonable time for the arrival thereof. In every case, such common carrier shall be liable for the amount of such loss or damage, together with interest thereon from the date of the filing of the claim therefor until the payment thereof. Failure to adjust and pay such claim within the periods respectively herein prescribed shall subject each common carrier so failing to a penalty of fifty dollars for each and every such failure, to be recovered by any consignee or consignees aggrieved, in any Court of competent jurisdiction: *Provided,* That unless such consignee or consignees recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of the loss or damage, with interest as aforesaid: *Provided, further,* That no common carrier shall be liable under this act for property which never came into its possession, if it complies with the provision of section 1710, vol. 1, of the Code of Laws of South Carolina, 1902."

Section 5 of the act is as follows: "That all acts or parts of acts inconsistent with this act be, and the same are hereby, repealed."

The provisions of section 1711 make the common carrier liable unless it complies with the following conditions:

"1. That it *pay* or *refuse* to pay the claim for loss or damage.

"2. Within sixty days from the time the claim is made."

There are no other conditions in said section.

Under the act of 1903, several other conditions must exist before the common carrier becomes liable:

"(1) It is liable to the penalty on *failure to adjust and pay* within the period prescribed in the act.

"(2) The time prescribed by the act is forty days, in case of shipment wholly within the State, and ninety days in case of shipment from without the State.

"(3) The claim must be filed with the agent of the carrier at the point of destination of such shipment.

"4. No claim shall be filed until after the arrival of the shipment or some part thereof at the point of destination, or after the lapse of a reasonable time for its arrival.

"5. In every case, the carrier is made liable for interest on the amount of the loss from the time the claim for loss is filed.

"6. Unless the claimant recovers the full amount of his claim, there is no penalty under the terms of this act."

Section 5 of the act of 1903, providing that all acts or parts of acts inconsistent with said act were hereby repealed, renders it necessary to determine whether section 1711 is inconsistent with said act.

His Honor, the Circuit Judge, was right in deciding that section 1711 was repealed, as to the time of payment of claims, but erred in ruling that it was not otherwise repealed, so as to affect this case.

The provision in section 1711, requiring the carrier to pay or refuse to pay the claim within a certain time, and imposing no other conditions, is inconsistent with the corresponding provision in the act of 1903, making the carrier's liability for failure to pay and adjust the claim dependent, not only upon the time within which the claim is to be paid and adjusted, but upon other conditions therein mentioned.

There is another reason for holding that said section was repealed. When, as must be conceded in this case, a part of section 1711 was repealed by implication, it must necessarily be adjudged that the entire section was repealed, as all the provisions of said section are connected in subject matter, dependent upon each other, operating for the same purpose,

and, in short, so interwoven, that it cannot be presumed the legislature would have passed the one without the other.

There is yet an additional reason showing that the Circuit Judge was in error. The act of 1903 purports to deal with the *entire* subject matter of section 1711. In the case of the *State* v. *Alexander,* 14 Rich., 251, the Court quotes with approval the following language from *Goddard* v. *Boston,* 20 Pick., 407, to wit: "A later statute on a given subject, not repealing an earlier one in terms, is not to be taken as a repeal by implication, unless it is plainly repugnant to the former, *or unless it fully embraces the whole subject matter"*. (italics ours).

The Court, in the case of *Wagner* v. *Stoll,* 2 S. C., 557, thus states the rule: "Although 'Courts do not favor repeals by implication,' yet if, by a fair and necessary implication, the intention of the legislature is apparent, though not expressed in direct and positive terms, that subsequent provisions are to abrogate those already existing, such effect will be given to them, as will carry out the proposed purpose. If there is a repugnancy created between the two acts, which cannot be reconciled, the latter must be construed as repealing the former. If such a construction can be given each as will permit them to stand together, they will both be regarded of force. It is not necessary that the subsequent statute, which is relied on as that which creates the repeal, should be in direct repugnance to all the purposes contemplated by the prior one, if it is obvious that it intended to fix the rule which was thenceforward to govern in the matter to which it was to be applied"—citing *Davies* v. *Fairbanks,* 3 How., 636.

In *Black* v. *Childs,* 14 S. C., 320, the Court ruled that a subsequent act which collected in a convenient form the whole law upon a certain subject, superseded and repealed an older act upon the same subject. These views render unnecessary the consideration of the exceptions raising the question as to the constitutionality of the act.

It is the judgment of this Court, that the judgment of the

Circuit Court, in so far as it allowed a recovery of the penalty in each of said cases, be modified.