July 4, 1905. The opinion of the Court was delivered by
This is an appeal from an order of nonsuit. The complaint contained two causes of action. The allegations of the first cause of action are, in substance, that in September, 1902, the defendant undertook to transport and deliver to the plaintiff, at Lancaster, S.C. three hundred pounds of candy, shipped to the plaintiff from Tennessee, and delivered to the defendant for transportation at Chester, S.C. That the defendant failed to deliver nine pounds of the said candy, of the value of $1.15, and the plaintiff filed with the defendant, on the 16th of September, 1902, a claim for said loss, and demanded payment, but the defendant failed to settle the same or any part thereof. In addition to these allegations, it is alleged in the second cause of action that although more than sixty days had elapsed since the filing of said claim, the defendant has not paid or refused to pay the same, and thereby became liable to the penalty of $50 provided in the act of 1897 (now section 1711 of the Code of Laws).
The defendant demurred to the complaint on several grounds, one of which was that the act of 1897 has been repealed. The demurrer was overruled.
The plaintiff introduced in evidence the said claim, which was as follows: *Page 89 
"Lancaster, S.C. Sept. 16th, 1902. Lancaster and Chester R.R. Co., J.B. Mockorell,

To 9 lbs. Choc. drops short at 12 cts. per lb ....... $1.08
 Freight on same .................................. .07
 _____
 $1.15."

He also introduced in evidence the invoice of the goods lost showing the price thereof to be twelve cents per pound, free on board, Knoxville, Tenn. "The rate of freight from Knoxville, Tenn., to Lancaster, S.C. is in cents, if fourth class, 58 per hundred pounds."
At the close of plaintiff's testimony, the defendant made a motion for nonsuit, on the ground that, as the act of 1897 has been repealed, the penalty could not be recovered; and on the further ground that the penalty could not be recovered by reason of the fact that the claim which the plaintiff filed included a charge for freight.
His Honor, the Circuit Judge, refused the motion on the first ground, but granted it on the second ground, saying, "I am of the opinion that this act has to be strictly construed, and it only requires a railroad company to pay for or refuse to pay for loss, breakage or loss or damage by plaintiff for any goods shipped over the line, and that does not include freight."
The jury rendered a verdict in favor of the plaintiff for $1.15.
The plaintiff appealed from the order of nonsuit on the ground that the presiding Judge erred in ruling that the defendant was not liable for the penalty, by reason of the fact that a charge for freight was included in the claim which was filed.
Section 1711 of the Code of Laws is as follows: "All common carriers doing business in this State shall be required to pay for or refuse to pay for all loss, breakage, or damage from breakage, damage or loss of articles shipped over the lines of said common carriers within sixty days *Page 90 
from the time a claim for the said articles so lost, broken or damaged shall be made. In case the said common carrier shall not pay or refuse to pay said claim for said loss, breakage or damage as set out in this section within the sixty days therein provided for, then said common carrier shall be liable for the sum of $50 for each offence as penalty, in addition to the amount of said loss or damage, to be collected by the claimant in any court having jurisdiction of the same." While in the act of 1903 (page 81), there is aproviso, "that unless such consignee or consignees recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of the loss or damage, with interest," there is no such provision in the act of 1897.
It may be that the presiding Judge erred in applying this principle to the case in hand, especially as the verdict of the jury showed the plaintiff was entitled to the full amount claimed.
But under the views hereinafter expressed this becomes merely a speculative question. The defendant gave notice that it would ask that the order of nonsuit be sustained upon the additional ground, among others, that the presiding Judge erred in refusing to grant the nonsuit on the ground that the repeal of the act of 1897 prevented the recovery of the penalty in this action. This question has been so recently considered in the case of Johnson v. Ry., 69 S.C. 322, and as this Court is satisfied with the principles therein announced, we deem it only necessary to refer to that case to show that the motion for nonsuit should have been sustained on this ground.
It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.