Donahue, J.
A report of these cases is necessary for the purpose, if no other, of calling the attention of the general assembly of Ohio to the complex nature of the legislation on the subject of road improvement and to the lack of uniformity of the statutes upon the same subject-matter, to the end that this legislation may receive such consideration and revision by the law-making power *148 of the state as to make clear the meaning and purpose of the law, so that county commissioners may be able to interpret and follow the same. As it now stands, it is not possible for a court to arrive at anything like certainty in the interpretation of existing statutes on this subject.
Prior to May 10, 1910, Sections 6926, General Code, to and including Section 6956, General Code, provided a clear and explicit method of improving and grading public roads by county commissioners. On May 10, 1910, the general assembly of the state passed an act entitled: “An act to provide for the laying out, construction, repair, or improvement of any public road or any part thereof, and for the straightening, widening or altering, and draining of the same by the county commissioners.” This act is now found in the General Code under Sections numbered 6956-1 to 6956-15, inclusive. This act purports to and does cover the whole subject-matter of the repair and improvement of public roads, and in addition thereto provides for the laying out, constructing, straightening, widening, altering and draining the same, by county commissioners. It covers in detail every step to be pursued by petitioners, commissioners, county surveyors, and all other officers having any duty to perform in reference thereto, and all other persons interested therein, either by ■way of remonstrance, claims for damages, etc. It does not in terms repeal the existing legislation upon the same subject. Repeals by implication are never favored. On the contrary, a court will *149 endeavor to make such reasonable construction of the new legislation so that effect may be given to both. Thorniley, Auditor, v. State, ex rel. Dickey, 81 Ohio St., 108; Eggleston et al. v. Harrison, Assignee, 61 Ohio St., 397-404.
If, however, a statute is in clear conflict with existing legislation upon the same subject-matter, effect must be given to the later act, even flf the result is to repeal by implication the older statute. It is also a well-known rule of construction that where a statute purports to, revise the whole subject-matter of a former act and thereby evidences the fact that it is intended as a substitute for the former, although it contains no express words to that effect, it operates as a repeal of the former law.
The first inquiry, then, is whether there is any conflict between these different provisions for the repair and improvement of public roads. Section 6926, General Code, provides that: “when a majority of the resident owners of real estate situated within one mile of a public road present a petition to a board of county commissioners * * This court in construing a similar statute held that only resident owners of real estate situated one mile on each side of the proposed improvement are to be counted in order to determine whether a majority have signed the petition, thereby excluding from the computation the resident owners of real estate lying within one mile from the termini of the same. Lear v. Halstead, 41 Ohio St., 567.
*150 Section 6956-2, General Code, provides that: “When a majority of the owners of real estate who reside within the county and who own lands lying and being within one mile in any direction from either side, end or terminus of the road or part thereof to be laid out, constructed or improved, shall present a petition * * It therefore appears that this subsequent legislation requires the board of county commissioners to include in its calculation of the resident owners of real estate, those owning land within a mile from the termini of the road or part thereof to be laid out, constructed or improved. There is therefore a clear conflict between these statutes, and that conflict relates not only to the land that is subject to assessment, but also to a jurisdictional matter. Under the older legislation a much smaller number of petitioners would confer jurisdiction upon the board of county commissioners than under the new. If the petition were for the purpose of procuring a new road to be opened or an old one to be widened or altered, or drained, then it could very properly be held that it comes within the provisions of Section 6956-2, General Code. But when the petition is to improve or repair, it is not possible for the commissioners or any other human intelligence to determine, with any degree of certainty, whether it comes within the provisions of Section 6926, or Section 6956-2, General Code, if both of these sections are to stand as the law of this state. It is not important that the petitioners may state in the petition that they seek the improvement under the one section or the other, as *151 was done in these petitions. Such a statement is surplusage merely and can not aid the board of commissioners in determining which section applies. It is evident that the legislature did not intend any such distinction without a difference. That is to say, it did not intend that one law might control one petition and a different law control another petition identically the same in all respects and intended a to accomplish identically the same purpose. The conclusion necessarily follows that the failure to repeal the former statute on the same subject-matter in conflict with the provisions of the later act was a mere oversight.
The second question for consideration is whether this new legislation covers the entire subject-matter of the old. A careful consideration of the act of May 10, 1910, shows that it covers in detail every provision found in Sections 6926 to 6956, General Code, inclusive. Every step in the proceeding, from the filing of the petition down to the final disposition of it, is covered in this new legislation. In a proceeding brought under its favor nothing is left to the control of the old law. It is complete in every detail. This court held in the case of The Lorain Plank Road Co. v. Cotton, 12 Ohio St., 263, that: “a section which revises the whole subject-matter of the amendatory act of March 10, 1836, for the regulation of turnpike companies, is evidently intended as a substitution for it and is to be regarded as superseding the latter act, and not as furnishing an additional or cumulative remedy.” The legislation there under consideration was very similar to this. Section 58 of the *152 general act to create and regulate incorporated companies (1 S. & C. Stat., 297) covered the entire subject named in its title, but did not expressly repeal the existing laws in reference thereto. This court there held that the provision of the later act provided an exclusive and not a cumulative remedy, citing in support of its holding Curwen’s Introduction to Vol. 1, Revised Statutes, page 17; Daviess v. Fairbairn, 3 How., 636; Sedgwick on Statutes, 124, 125. In the case of The State, ex rel., v. Board of Commissioners, 16 C. C. R., 218, Price, J., who was then upon the circuit bench but later a judge of this court, in writing the opinion of the court, at page 222, very fully reviews the case of Lorain Plank Road Co. v. Cotton, supra, and announces the same doctrine in relation to the case then under consideration. We have no doubt whatever that this is a correct statement of the law.
The case of Gates et al. v. Solon Granger, No. 13375, presents an additional question not found in the other case. The proposed improvement in this case is less than a mile from the lines of Delaware and Marion counties, although entirely within the county of Morrow. It is contended on the part of the defendant in error, and the circuit court so found, that under the provisions of either Section 6930, or Section 6956-3, General Code, when an improvement is within this limit of one mile from another county line, the petition must be filed with the commissioners of each of the several counties. That is to say, where it is proposed to assess land lying within a mile *153 of the improvement the whole burden shall not fall upon those residing in the county in which the improvement is to be made, but shall be borne by all the land lying within the mile limit, even though part of the land should be in an adjacent county. With the equity of this claim we have no quarrel. But there is a serious doubt as to that being the true construction of this legislation. However, because of the fact that the condition of all of the laws relating to the establishment and repair of roads demands the early attention of the legislature, it would seem unnecessary for us to consider further this question at this time, particularly when the conclusion we have already reached disposes of both cases.
No temporary injunction was sought, or allowed by this court, in the case of Goff et al. v. Gates et al., No. 13376, and the circuit court having found in favor of the improvement, this court is not at present advised as to what has been done by the board of county commissioners of Morrow county with reference to this improvement. This court will not enjoin the doing of that which has been done, for such a judgment would be useless, and therefore the judgment here rendered can apply only to the further proceedings of the commissioners in reference to the lands of these plaintiffs in error.
The judgment of the circuit court in the case of Gates et al. v. Granger, No. 13375, is affirmed. The judgment of the circuit court in the case of Goff et al. v. Gates et al., No. 13376, is reversed for the reasons hereinbefore stated, and in *154 this cause it is further ordered and adjudged that the board of county commissioners of Morrow county be and they are hereby perpetually enjoined from levying any further special assessment upon the lands of plaintiffs in error for and on account of said improvements not actually levied before the entering of this decree.

Judgment accordingly.

Davis, C. J., Spear Shauck, Jopinson and O’Hara, JJ., concur.